FILED
JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: Sep 01, 2026

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

SECOND SUPERSEDING INDICTMENT

v.

NO. 3:24-CR-11-RGJ
18 U.S.C. § 2
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(a)(8)
18 U.S.C. § 924(d)
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(A)
21 U.S.C. § 841(b)(1)(B)
21 U.S.C. § 841(b)(1)(C)
21 U.S.C. § 846
21 U.S.C. § 851
21 U.S.C. § 853
28 U.S.C. § 2461

**COREY FERGUSON** (1, 2, 3, 5, 6, 7, 8)
**RYAN BEACO** (1)
**EDWIN GRACE** (1)
**ROBERT ANDERSON** (1, 2, 4)

The Grand Jury charges:

COUNT 1
(*Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances*)

Beginning on a date unknown", Scheduled Jury, but at least as early as December 13, 2023 and continuing up to and through on or about January 29, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, **COREY FERGUSON**, **RYAN BEACO**, **EDWIN GRACE**, and **ROBERT ANDERSON**, knowingly and intentionally conspired with each other and others, known and unknown to the Grand Jury, to possess with intent to distribute and distribute fifty (50) grams or more of methamphetamine, five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, and forty (40) grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1- (2-phenylethyl)-4-piperidinyl] propanamide, commonly known as "fentanyl", Schedule II controlled substances, as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B).

The Grand Jury further charges:

<u>COUNT 2</u>
*(Distribution of Methamphetamine)*

On or about December 14, 2023, in the Western District of Kentucky, Jefferson County, Kentucky, **COREY FERGUSON** and **ROBERT ANDERSON**, aided and abetted by each other, knowingly, and intentionally distributed fifty (50) grams or more of methamphetamine, a Schedule II controlled substance, as defined in Title 21, United States Code, Section 812.

In violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

The Grand Jury further charges:

<u>COUNT 3</u>
*(Distribution of Methamphetamine)*

On or about December 27, 2023, in the Western District of Kentucky, Jefferson County, Kentucky, **COREY FERGUSON** knowingly and intentionally distributed fifty (50) grams or more of methamphetamine, a Schedule II controlled substance, as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

The Grand Jury further charges:

<u>COUNT 4</u>
(*Distribution of Fentanyl*)

On or about January 2, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, **ROBERT ANDERSON** knowingly and intentionally distributed 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1- (2-phenylethyl)-4-

piperidinyl] propanamide, commonly known as "fentanyl", a Schedule II controlled substance, as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

The Grand Jury further charges:

COUNT 5
*(Distribution of Methamphetamine)*

On or about January 11, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, **COREY FERGUSON** knowingly and intentionally distributed fifty (50) grams or more of methamphetamine, a Schedule II controlled substance, as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

The Grand Jury further charges:

COUNT 6
*(Distribution of Cocaine)*

On or about January 16, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, **COREY FERGUSON** knowingly and intentionally distributed a detectable amount of cocaine, a Schedule II controlled substance, as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The Grand Jury further charges:

COUNT 7
*(Possession with Intent to Distribute Controlled Substances)*

On or about January 29, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, **COREY FERGUSON** knowingly and intentionally possessed with the intent to

distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine; a mixture and substance containing a detectable amount of N-phenyl-N-[1- (2-phenylethyl)-4-piperidinyl] propanamide, commonly known as "fentanyl", Schedule II controlled substances, as defined in Title 21, United States Code, Section 812; and a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 841(b)(1)(C).

The Grand Jury further charges:

COUNT 8

*(Possession of a Firearm by a Prohibited Person)*

On or about January 29, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, **COREY FERGUSON** knowingly possessed, in and affecting commerce, a firearm, that is, an F.N., 9 millimeter pistol, bearing serial number GKS0199442, and ammunition, with knowledge that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit:

> On or about February 3, 1992, in Warren Circuit Court, Warren County, Kentucky, in Case Number 91-CR-523, **COREY FERGUSON**, was convicted of the offense of Trafficking in a Controlled Substance 1st Degree;
>
> On or about September 25, 1995, in Warren Circuit Court, Warren County, Kentucky, in Case Number 95-CR-33, **COREY FERGUSON**, was convicted of the offense of Trafficking in a Controlled Substance 1st Degree; and
>
> On or about May 8, 2008, in the U.S. District Court for the Western District of Kentucky, Bowling Green, Kentucky, in Case Number 06-CR-24-GNS, **COREY FERGUSON**, was convicted of the offenses of Conspiracy to Possess with Intent Distribute 500 Grams or More of Cocaine; and Distribution of Cocaine, Aiding and Abetting.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

INFORMATION OF PRIOR CONVICTION

At the time of the offenses charged in this Second Superseding Indictment, **COREY FERGUSON**, had been previously convicted of one or more serious drug felony offenses, as defined in Title 21, United States Code, Section 802(58), specifically:

> On or about May 8, 2008, in the U.S. District Court for the Western District of Kentucky, Bowling Green, Kentucky, in Case Number 1:06-CR-24-03-R, **COREY FERGUSON**, was convicted of the offenses of Conspiracy to Possess with Intent Distribute 500 Grams or More of Cocaine; and Distribution of Cocaine, Aiding and Abetting, for which he served a term of imprisonment for more than 12 months and was released from any term of imprisonment within 15 years of the commencement of this offense,

and is therefore subject to increased punishment.

Pursuant to Title 21, United States Code, Sections 841, 846, and 851.

INFORMATION OF PRIOR CONVICTION

At the time of the offenses charged in this Second Superseding Indictment, **ROBERT ANDERSON**, had been previously convicted of one or more serious drug felony offenses, as defined in Title 21, United States Code, Section 802(58), specifically:

> On or about August 29, 1994, in the U.S. District Court for the Western District of Kentucky, Louisville, Kentucky, in Case Number 93-CR-00042-01-L(J), **ROBERT ANDERSON**, was convicted of the offenses of Conspiracy to Possess and Distribute Cocaine; and Attempt to Possess and Distribute Cocaine, for which he served a term of imprisonment for more than 12 months and was released from any term of imprisonment within 15 years of the commencement of this offense,

and is therefore subject to increased punishment.

Pursuant to Title 21, United States Code, Sections 841, 846, and 851.

INFORMATION OF PRIOR CONVICTION

At the time of the offenses charged in this Second Superseding Indictment, **EDWIN GRACE**, had been previously convicted of one or more serious drug felony offenses, as defined in Title 21, United States Code, Section 802(58), specifically:

> On or about May 21, 2013, in the U.S. District Court for the Western District of Kentucky, Louisville, Kentucky, in Case Number 3:10-CR-51-18-S, **EDWIN GRACE,** was convicted of the offense of Conspiracy to Possess with Intent to Distribute Cocaine for which he served a term of imprisonment for more than 12 months and was released from any term of imprisonment within 15 years of the commencement of this offense,

and is therefore subject to increased punishment.

Pursuant to Title 21, United States Code, Sections 841, 846, and 851.

## NOTICE OF FORFEITURE

As a result of committing offenses in violation of Title 21, United States Code, Sections 841(a)(1) and 846, as charged in this Second Superseding Indictment, felonies punishable by imprisonment for more than one year, **COREY FERGUSON**, **RYAN BEACO**, **EDWIN GRACE**, and **ROBERT ANDERSON**, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, proceeds the defendants obtained directly or indirectly, as a result of said offenses, and any and all of the defendants' property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the violations alleged in this Second Superseding Indictment, including but not limited to: $1,190.00 in United States currency (more or less) seized from Corey Ferguson; $9,946.00 (more or less) in United States currency seized from Edwin Grace; $24,600.00 (more or less) in United States currency seized from Edwin Grace; $39,960.00 (more or less) in United States currency seized from Edwin Grace; Royal Oak Offshore watch, SN 11495 seized from Edwin Grace; and an F.N., 9 millimeter pistol, bearing serial number GKS0199442 and ammunition.

As a result of committing an offense in violation of Title 18, United States Code, Section 922(g)(1), as alleged in this Second Superseding Indictment, a felony punishable by imprisonment for more than one year, **COREY FERGUSON**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461, all firearms and ammunition involved in the commission of the offense including, but not limited to an F.N., 9 millimeter pistol, bearing serial number GKS0199442, and ammunition.

A TRUE BILL.

Redacted

FOREPERSON

KYLE G. BUMGARNER
UNITED STATES ATTORNEY

KGB:JRP:9-1-26

UNITED STATES OF AMERICA v. **COREY FERGUSON, RYAN BEACO, EDWIN GRACE,** and **ROBERT ANDERSON**

**PENALTIES**

| | |
|---|---|
| Counts 1-3,5,7: | NL 10 yrs./NM Life./NM $10,000,000/both/NL 5 yrs. Supervised Release (each count)<br>(NL 15 yrs./$20,000,000/both/NL 10 yrs. Supervised Release<br>(with notice of one prior qualifying conviction))(each count)<br>(NL 25 yrs./$20,000,000/both/NL 10 yrs. Supervised Release<br>(with notice of two prior qualifying convictions))(each count) |
| Count 4: | NL 5 yrs./NM 40 yrs./NM $5,000,000/both/NL 4 yrs. Supervised Release |
| Count 6: | NM 20 yrs./$1,000,000/both/NM 3 yrs. Supervised Release |
| Count 8: | NM 15 yrs./$250,000/both/NM 3 yrs. Supervised Release |
| Forfeiture | |

**NOTICE**

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual<br>$125 per count/other | Felony: | $100 per count/individual<br>$400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due immediately unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following:**

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   For offenses occurring after December 12, 1987:

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two-week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY 40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY 42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY 42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY 42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.